**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANDREW LEETH,
  an individual,

      Plaintiff,

v.

                                              CASE NO.:

CITY OF CLEARWATER, FLORIDA,
 a Florida municipality,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANDREW LEETH (hereinafter, "Plaintiff") by and through his undersigned counsel, sues Defendant, CITY OF CLEARWATER, FLORIDA, (hereinafter, "Defendant") and in support thereof states as follows:

### Nature of the Action

This action is brought under Title I and Title II of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq.* ("ADA") and the Florida Civil Rights Act of 1992, Section 760.10 *et seq.* ("FCRA"), to redress Defendant's unlawful employment practices, including Defendant's wrongful termination of Plaintiff.

### Parties

1.    Plaintiff was a resident of Pinellas County, Florida, at all times relevant to this matter and was formerly employed by Defendant as a Firefighter/Paramedic.

2.    Defendant is a Florida municipality located and opearating in Pinellas County, Florida, at all times relevant to this matter.

3. Defendant operates a Fire Rescue department to protect and for the benefit of its citizens.

4. Defendant was Plaintiff's employer within the meaning of the ADA and FCRA at all times relevant to this action.

5. Plaintiff was at all times relevant hereto an eligible employee as defined by the ADA and FCRA.

## Jurisdiction and Venue

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1337, 1343 & 1345.

7. The Middle District of Florida, Tampa Division is the proper venue for this action pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2) because this is the District and Division in which Plaintiff resides and in which the events or omissions giving rise to the claims occurred.

8. Plaintiff has performed all conditions precedent necessary to the maintenance of this action, if any, including the filing of a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), receiving a right to sue notice from same and timely filing the present action.

## Factual Background

9. Plaintiff was employed by Defendant as a Firefighter/Paramedic from March of 2007 until his illegally motivated termination on May 18, 2018.

10. During his employment Plaintiff suffered from various health problems which lead to his use of various substances in an effort to cope with such health issues.

11. On numerous occasions Plaintiff sought accommodations from Defendant that would have assisted him in successfully addressing the foregoing issues, including any available employee assistance program ("EAP") and necessary time to utilize same.

12. Defendant chose to ignore Plaintiff's repeated and reasonable requests for accommodations despite his need for same.

13. Likewise, Defendant consistently ignored its legal obligation to engage Plaintiff in an interactive process that would address and attempt to resolve in good faith Plaintiff's need for his requested accommodations, as well as any possible alternatives.

14. In April of 2018 Plaintiff was wrongfully accused of allegedly engaging in illegal conduct related to drug use and DUI, but was ultimately exonerated for the most part.

15. Subsequent to his arrest in the above matter Plaintiff again sought an accommodation to address his issues. Defendant initially represented to Plaintiff that it would finally start to act upon his long sought after accommodation requests.

16. Plaintiff, however, learned that Defendant was not interested in providing him with a proper accommodation given his condition. Such bad faith on Defendant's part was reflected in a comment by Chief of the Fire Rescue Department, who stated to Plaintiff "funny that you have a problem now that you have issues"; a ludicrous statement given how long Plaintiff had sought accommodations during his employment.

17. Despite the foregoing representations that Defendant would assist Plaintiff, his employment was terminated on May 18, 2018.

18. Prior co-workers of Plaintiff have been convicted of DUI and/or arrested for selling marijuana, yet were not terminated.

19. Defendant's termination of Plaintiff's employment represented discriminatory treatment due to his health problems and in retaliation for seeking accommodations from Defendant for same.

20. Subsequent to his termination Plaintiff was able to obtain some assistance on his own, which has been tremendously beneficial.

21. Defendant's asserted basis for terminating Plaintiff's employment was a pretext to further discriminate against Plaintiff and retaliate for his having sought reasonable accommodations.

22. Plaintiff has suffered damages as a direct and proximate result of Defendant's illegal conduct.

23. As a result of the foregoing, Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel a reasonable attorney's fee.

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

24. Plaintiff adopts and re-alleges paragraphs one (1) through twenty-one (21) as if fully set forth herein.

25. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA in that Plaintiff was capable of performing all essential functions of the position that he held, with or without a reasonable accommodation.

26. Likewise, at all times relevant to this action, Plaintiff (a) suffered from one or more actual disabilities and/or physical impairments that substantially limited one or more major life activities, (b) had a record of being disabled, and/or (c)

was perceived by Defendant as being actually disabled and/or substantially limited in one or more major life activities.

27.    Defendant was prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to providing him reasonable accommodations and/or not treating Plaintiff adversely because of his disability with regard to other terms, conditions, and privileges of employment.

28.    Defendant violated the ADA by, among other things, treating Plaintiff in a disparate manner due to his disabling condition, failing to engage Plaintiff in an interactive process and/or failing to grant Plaintiff reasonable accommodations.

29.    Plaintiff has been damaged as a direct and proximate result of Defendant's illegal conduct.

**WHEREFORE,** Plaintiff requests this Honorable Court to:

a.  Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of the ADA;

b.  Declare Defendant's conduct to be in violation of the ADA and order said Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

c.  Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial and prejudgment interest thereon;

  d. Grant Plaintiff his costs (including expert fees) and an award of reasonable attorney's fees; and

  e. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## COUNT II
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA

  30. Plaintiff adopts and re-alleges paragraphs one (1) through twenty-one (21) as if fully set forth herein.

  31. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the FCRA in that Plaintiff was capable of performing all essential functions of the position that he held, with or without a reasonable accommodation.

  32. Likewise, at all times relevant to this action, Plaintiff (a) suffered from one or more actual disabilities and/or physical impairments that substantially limited one or more major life activities, (b) had a record of being disabled, and/or (c) was perceived by Defendant as being actually disabled and/or substantially limited in one or more major life activities.

  33. Defendant was prohibited under the FCRA from discriminating against Plaintiff because of his disability with regard to providing him reasonable accommodations and/or not treating Plaintiff adversely because of his disability with regard to other terms, conditions, and privileges of employment.

  34. Defendant violated the FCRA by, among other things, treating Plaintiff in a disparate manner due to his disabling condition, failing to engage

Plaintiff in an interactive process and/or failing to grant Plaintiff reasonable accommodations.

35. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal conduct.

**WHEREFORE,** Plaintiff requests this Honorable Court to:

a. Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of the FCRA;

b. Declare Defendant's conduct to be in violation of the FCRA and order said Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

c. Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial and prejudgment interest thereon;

d. Grant Plaintiff his costs (including expert fees) and an award of reasonable attorney's fees; and

e. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## **COUNT III**
## **RETALIATION BASED UPON DISABILITY IN VIOLATION OF THE ADA**

36. Plaintiff adopts and re-alleges paragraphs one (1) through twenty-one (21) as if fully set forth herein.

37. Plaintiff was in a protected group (disabled) at all times material to this action. Defendant subjected Plaintiff to disability discrimination and failed to accommodate Plaintiff's requests for reasonable accommodations.

38. As described above, Plaintiff engaged in protected activity by requesting a reasonable accommodation and opposing Defendant's failure to comply with its obligations under the ADA.

39. Defendant retaliated against Plaintiff for his having engaged in legally protected activity under the ADA, including terminating his employment.

40. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE,** Plaintiff requests this Honorable Court to:

a. Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of the ADA;

b. Declare Defendant's conduct to be in violation of the ADA and order said Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

c. Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial and prejudgment interest thereon;

d. Grant Plaintiff his costs (including expert fees) and an award of reasonable attorney's fees; and

e. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## COUNT IV
## RETALIATION BASED UPON DISABILITY IN VIOLATION OF THE FCRA

41. Plaintiff adopts and re-alleges paragraphs one (1) through twenty-one (21) as if fully set forth herein.

42. Plaintiff was in a protected group (disabled) at all times material to this action. Defendant subjected Plaintiff to disability discrimination and failed to accommodate Plaintiff's requests for reasonable accommodations.

43. As described above, Plaintiff engaged in protected activity by requesting a reasonable accommodation and opposing Defendant's failure to comply with its obligations under the FCRA.

44. Defendant retaliated against Plaintiff for his having engaged in legally protected activity under the FCRA, including terminating his employment.

45. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE,** Plaintiff requests this Honorable Court to:

a. Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of the FCRA;

b. Declare Defendant's conduct to be in violation of the FCRA and order said Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

c. Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay,

compensatory damages, including emotional distress damages, in an amount to be proved at trial and prejudgment interest thereon;

    d. Grant Plaintiff his costs (including expert fees) and an award of reasonable attorney's fees; and

    e. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby exercises his right to have a jury trial for all issues triable as such under law.

Dated: 2/5/20                        Respectfully submitted,

                                                  **TOBIN LAW GROUP, PL**

                                                  */s/ Bradley A. Tobin*
                                                  Bradley A. Tobin
                                                  Florida Bar No. 0101818
                                                  btobin@tobinlawgroup.com
                                                  Westchase Commons
                                                  13043 West Linebaugh Ave.
                                                  Tampa, Florida 33626
                                                  Tel: (813) 452-6199
                                                  Fax (813) 830-7200
                                                  Attorney(s) for Plaintiff.